# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JOSUE MONTELONGO-RANGEL,

        Petitioner,      :    Case No. 2:20-cv-5463

  - vs -                        District Judge Algenon L. Marbley
                               Magistrate Judge Michael R. Merz

WARDEN, Noble
  Correctional Institution,

                               :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Josue Montelongo-Rangel pursuant to 28 U.S.C. § 2254, is before the Court for decision on the merits. The relevant filings are the Petition (ECF No. 1), the State Court Record (ECF No. 4), the Return of Writ (ECF No. 5), and Petitioner's Reply (ECF No. 9).

**Litigation History**

On May 11, 2018, a Franklin County Grand Jury indicted Montelongo-Rangel on one count of engaging in a pattern of corrupt activity in violation of Ohio Revised Code § 2923.32 (Count 1), two counts of trafficking in marijuana in violation of Ohio Revised Code § 2925.03 (Counts 2 & 5), two counts of trafficking in cocaine in violation of Ohio Revised Code § 2925.03 (Counts 3 & 4), one count of receiving proceeds of an offense subject to forfeiture proceedings in violation

1

of Ohio Revised Code § 2927.21 (Count 6), and one count of designing a vehicle with a hidden compartment used to transport a controlled substance in violation of Ohio Revised Code § 2923.21 (Count 7). Counts 1, 3, 4, 5, and 6 each carried a firearm specification and Counts 3 and 4 carried a specification for forfeiture of money in a drug case (Indictment, State Court Record ECF No. 4, Exhibit 1). Montelongo-Rangel pleaded not guilty to all counts. *Id.* at Ex. 2.

On June 18, 2019, Montelongo-Rangel, through counsel, entered a plea of guilty to Count 1, engaging in a pattern of corrupt activity without the specification and Count 3, trafficking in cocaine with the forfeiture specification. *Id.* at Exhibit 3. The trial court found Montelongo-Rangel guilty of the charges to which the plea was entered and court ordered the remaining counts and their respective specifications to be dismissed. Montelongo-Rangel was then sentenced to a mandatory eleven years as to Counts 1 and 3 concurrent with each other and consecutive to the sentence imposed in Case No. 19CR23121. *Id.* at Ex. 4.

Montelongo-Rangel did not timely appeal, but filed a motion for delayed appeal February 21, 2020. *Id.* at Ex. 6. The Ohio Tenth District Court of Appeals denied the motion, concluding Montelongo-Rangel had not given an adequate excuse for his delay. *Id.* at Ex. 8. The Supreme Court of Ohio declined appellate jurisdiction. *Id.* at Ex. 12.

On October 2 and 30, Montelongo-Rangel filed motions to vacate judgment. *Id.* at Ex. 13, 16. The Franklin County Court of Common Pleas denied the motions. *Id.* at Ex. 18. The Tenth District affirmed. *Id.* at Ex. 29. The Supreme Court of Ohio declined to exercise appellate jurisdiction (Entry, ECF No. 19, PageID 342).

Montelongo-Rangel pleads the following Grounds for Relief:

> **Ground One:** Ineffective assistance of counsel.
>
> **Supporting Facts:** Trial counsel was ineffective for failing to seek suppression of the evidence seized pursuant to two search warrants

>executed on June 16, 2018, and one warrantless search executed on April 4, 2018. (the first search warrant, executed on June 16, 2018, was issued by a state magistrate whom [sic] lacked the authority to issue it without the participation of federal authorities; the search warrant was based on an affidavit primised [sic] on federal probable cause, but was executed solely by state officers. Further, issuing magistrate abandoned her neutral role, the affidavit lacked a nexus to the locations, and probable cause for various reasons. The evidence obtained from this search formed the basis of the subsequest [sic] search warrant being issued, and of all counts in the indictment.)
>
>**Ground Two:** Lack of subject matter jurisdiction.
>
>**Supporting Facts:** It is undisputed that the issuing state magistrate of the search warrant on which the evidence obtained formed the basis of all counts in the indictment lacked the authority to issue it without the participation of federal authorities; the search warrant was based on an affidavit primised [sic] on federal probable cause, but was executed solely by state officers. The search warrant and evidence was [sic] void *ab initio*.

(Petition, ECF No. 1, PageID 5, 7).

## Analysis

### Exhaustion of State Court Remedies

Respondent asserted in his Return that the Petition was mixed because it included a claim, the Second Ground for Relief, on which Montelongo-Rangel had not exhausted available state court remedies (ECF No. 5, PageID 440-42).  Since the Return was filed, the Supreme Court of Ohio declined appellate jurisdiction on this claim (Entry, ECF No. 9, PageID 342).  This obviates Respondent's lack of exhaustion defense.

**Ground One:  Ineffective Assistance of Trial Counsel**

In his First Ground for Relief, Montelongo-Rangel claims he received ineffective assistance of trial counsel when his trial attorney did not seek to suppress the results of three searches which yielded evidence used against him.

Respondent asserts Montelongo-Rangel has procedurally defaulted this claim by not taking a timely direct appeal to the Tenth District (Return, ECF No. 5, PageID 317-24).

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000).  That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982).  "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'"  *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural

4

> rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). "[A] federal court may not review federal claims that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020), citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017)).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).

5

> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

In this case Ohio has an applicable procedural rule: a direct appeal of right from a criminal conviction must be filed within thirty days of the judgment of conviction. The Tenth District Court of Appeals enforced that rule against Montelongo-Rangel when it denied him leave to file a delayed appeal. Setting a definite deadline for taking an appeal is an independent and adequate state procedural rule: it is not related to any federal law and it is supportive of the State's interest in obtaining finality for criminal convictions.

To attempt to excuse the default, Montelongo-Rangel argues:

> [T]ere is persuasive precedent that a state court's refusal to allow a petitiore [sic] to file a delayed direct appeal does not constitute an "adequate" ground to bar habeas review because the State appellate rule regarding the grant of delayed appeals is not firmly established or regularly followed, and thus, has cause to overcome his default . . .

(Reply, ECF No. 9, PageID 329, citing *Dietz v. Money*, 391 F.3d 894 (7th Cir. 2004)[correct citation *Deitz v. Money*, 391 F.3d 804 (6th Cir. 2004)]). *Deitz* supports the proposition for which Montelongo-Rangel cites it, but it is no longer good law. In *Beard v. Kindler*, 558 U.S. 53, 54 (2009), the Supreme Court held "a discretionary rule can serve as an adequate ground to bar federal habeas review." In *Walker v. Martin*, 562 U.S. 307 (2011), it held unanimously that a California rule that requires state habeas to be filed "as promptly as the circumstances allow" and without

6

"substantial delay," confers discretion but does not mean the rule is not firmly established and regularly followed. Recognizing the impact of these cases, the Sixth Circuit has now held:

> *Beard* and *Walker*, when read together, permit a state procedural rule to serve as an adequate state ground for preventing review of a habeas petition even if the state rule accords courts broad discretion. As a result of the Supreme Court's decision in *Walker, Deitz* is no longer the controlling law on this issue in our Circuit, and a petitioner's failure to follow Ohio Rule of Appellate Procedure 5(A) can serve as the basis for a procedural default of a petitioner's habeas claims.

*Stone v. Moore*, 644 F.3d 342, 348 (6th Cir. 2011).

Montelongo-Rangel also relies on *White v. Warden, Ross Corr. Inst.*, 940 F.3d 270 (6th Cir. 2019), where the Sixth Circuit held M*artinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013), were applicable to the Ohio system of litigating claims of ineffective assistance of trial counsel. Under Ohio law an ineffective assistance of trial counsel claim must be raised on direct appeal if it can be decided on the appellate record; otherwise it must be raised in a petition for post-conviction relief under Ohio Revised Code § 2953.21. Under the *Martinez/Trevino* exception to procedural default, a defendant who must litigated a claim of ineffective assistance of trial counsel in post-conviction and who either has no attorney in those proceedings or receives ineffective assistance from his attorney in those proceedings is not barred from habeas review.

*White* is of no assistance to Montelongo-Rangel. The facts necessary to litigate his ineffective assistance of trial counsel claim relating to motions to suppress were in the record which would have been available on appeal because motions to suppress were filed, although abandoned when Montelongo-Rangel pleaded guilty. Montelongo-Rangel had a right to appointed counsel on a direct appeal. If he had filed a timely notice of appeal counsel would have been appointed to represent him and raise this issue.

Accordingly, Petitioner's First Ground for Relief is procedurally defaulted and should be dismissed with prejudice on that basis.

**Ground Two: Lack of Subject Matter Jurisdiction**

In his Second Ground for Relief, Montelongo-Rangel asserts that the state magistrate who issued the search warrant that resulted in seizure of the evidence used against him lacked subject matter jurisdiction to issue that warrant because it was premised on federal probable cause but executed only by state officers.

Respondent asserts this claim is not cognizable in habeas corpus because the only possible constitutional right involved in being convicted on illegally seized evidence is a person's right under the Fourth Amendment. Federal habeas corpus relief is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that question in the state courts. *Stone v. Powell,* 428 U.S. 465 (1976). *Stone* requires the district court to determine whether state procedure in the abstract provides full and fair opportunity to litigate, and Ohio procedure does. The district court must also decide if a petitioner's presentation of claim was frustrated because of a failure of the state mechanism. Habeas relief is allowed if an unanticipated and unforeseeable application of a procedural rule prevents state court consideration of merits. *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982). The *Riley* court, in discussing the concept of a "full and fair opportunity," held:

> The mechanism provided by the State of Ohio for resolution of Fourth Amendment claims is, in the abstract, clearly adequate. Ohio R. Crim. P. 12 provides an adequate opportunity to raise Fourth Amendment claims in the context of a pretrial motion to suppress, as is evident in the petitioner's use of that procedure. Further, a

8

> criminal defendant, who has unsuccessfully sought to suppress evidence, may take a direct appeal of that order, as of right, by filing a notice of appeal. See Ohio R. App. P. 3(A) and Ohio R. App. P. 5(A). These rules provide an adequate procedural mechanism for the litigation of Fourth Amendment claims because the state affords a litigant an opportunity to raise his claims in a fact-finding hearing and on direct appeal of an unfavorable decision.

*Id*. at 526. The Tenth District Court of Appeals considered this claim on Montelongo-Rangel's appeal from denial of his motion to vacate his criminal judgment for lack of jurisdiction. That court held that the proper method for Montelongo-Rangel to raise this claim would have been in a motion to suppress in the trial court. *State v. Jones, et al.*, Case No. 20AP-300 (State Court Record, ECF No. 4, Ex. 8). Because Montelongo-Rangel pleaded guilty without litigating this suppression claim, it was barred by *res judicata*. Moreover Montelongo-Rangel had not timely appealed and, although he challenged the jurisdiction of the municipal court judge who issued the search warrant, he did not challenge the subject matter jurisdiction of the Franklin County Court of Common Pleas, the court that accepted his guilty plea. *Id.*

In his Reply Montelongo-Rangel offers no rebuttal to these arguments, but instead agrees with the State that consideration of Ground Two should be delayed until the Supreme Court of Ohio acts (Reply, ECF No. 9, PageID 335-38). Now that that Court has declined review, there is of course no need for a stay.

Montelongo-Rangel's Ground Two is also subject to procedural default analysis. Ohio requires that constitutional issues which can be raised on direct appeal be raised in that forum. *State v. Perry*, 10 Ohio St. 2d 175 (1967). In this case Montelongo-Rangel took no direct appeal and his request to file a delayed appeal was denied. When he attempted to raise this issue by motion to vacate the judgment, the Tenth District invoked the *res judicata* rule against him. *State v. Jones, supra,* at ¶ 11, citing *Perry* and *State v. Cole*, 2 Ohio St.3d 112, 113 (1982). The Sixth

Circuit has repeatedly held that Ohio's doctrine of *res judicata* in criminal cases, enunciated in *Perry*, is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001). Because Montelongo-Rangel's Second Ground was held barred by *res judicata* by the Tenth District, it should be dismissed as procedurally defaulted.

Alternatively, the Court should decline to reach the merits of this claim because Montelongo-Rangel forfeited it when he pleaded guilty. A valid, unconditional guilty or no contest plea waives all "constitutional violations occurring prior to a plea of guilty once the defendant enters his plea," including a challenge to the evidence supporting a conviction and any pre-plea constitutional violations, unless expressly preserved in a plea agreement or at a plea hearing. *United States v. Lalonde*, 509 F.3d 750, 757 (6th Cir. 2007). A guilty plea constitutes a break in the chain of events leading up to it. *Tollett v. Henderson*, 411 U.S. 258 (1973). Federal habeas corpus review of claims raised by a petitioner who has entered a guilty plea is limited to "the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Tollett*, 411 U.S. at 266. A guilty plea bars a defendant from raising in federal habeas corpus such claims as the defendant's right to trial and the right to test the state's case against him. *McMann v. Richardson*, 397 U.S. 759 (1970); *McCarthy v. United States*, 394 U.S. 459, 466 (1969).

Montelongo-Rangel has not challenged the validity of his guilty plea. He is accordingly barred from having this habeas court reach the merits of Ground Two which should be dismissed with prejudice.

10

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the petition herein be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

April 13, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

### NOTICE REGARDING RECORD CITATIONS#

The attention of all parties is called to S. D. Ohio Civ. R. 7.2(b)(5) which provides:

> (5) **Pinpoint Citations**. Except for Social Security cases, which
> must comply with S.D. Ohio Civ. R. 8.1(d), all filings in this Court

11

> that reference a prior filing must provide pinpoint citations to the PageID number in the prior filing being referenced, along with a brief title and the docket number (ECF No. ___ or Doc. No. ___) of the document referenced.

The Court's electronic filing system inserts in all filings hyperlinks to the place in the record which has been cited following this Rule. However, as with most computer systems, the CM/ECF program cannot read pinpoint citations which do not follow the Rule precisely. For example, the first pinpoint citation in ODRC's Reply reads "Plaintiff argues that he could not bring this action until "administrative remedies as (sic) are exhausted (sic)." (Doc. 80, PageId# 987)." The correct citation would have been Doc. No. 80, PageID 987." Because Defendant added the "#" symbol, the program failed to inset a hyperlink. Use of this software is mandated by the Judicial Conference of the United States and cannot be locally modified. **The parties are cautioned to comply precisely with S. D. Ohio Civ. R. 7.2(b)(5) in any further filings.**