# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JOSUE MONTELONGO-RANGEL,

                Petitioner,      :      Case No. 2:20-cv-5463

   - vs -                          District Judge Algenon L. Marbley
                                     Magistrate Judge Michael R. Merz

WARDEN, Noble
  Correctional Institution,

                                 :
               Respondent.

## SUBSTITUTED REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Josue Montelongo-Rangel pursuant to 28 U.S.C. § 2254, is before the Court on the Magistrate Judge's Report and Recommendations ("Report" ECF No. 11) and Petitioner's objections to the Report, presented in two separate documents labeled "Objections" (ECF No. 14) and "Notice" (ECF No. 15[1]). Having reconsidered the Report in light of the Objections and Notice, the Magistrate Judge has determined that substantially more analysis is needed. Accordingly, the Report is WITHDRAWN and the following is substituted in its stead.

---

[1] Notice has only four pages, but they are numbered by Petitioner as pages 5-8.

1

**Litigation History**

On May 11, 2018, a Franklin County Grand Jury indicted Montelongo-Rangel on one count of engaging in a pattern of corrupt activity in violation of Ohio Revised Code § 2923.32 (Count 1), two counts of trafficking in marijuana in violation of Ohio Revised Code § 2925.03 (Counts 2 & 5), two counts of trafficking in cocaine in violation of Ohio Revised Code § 2925.03 (Counts 3 & 4), one count of receiving proceeds of an offense subject to forfeiture proceedings in violation of Ohio Revised Code § 2927.21 (Count 6), and one count of designing a vehicle with a hidden compartment used to transport a controlled substance in violation of Ohio Revised Code § 2923.21 (Count 7). Counts 1, 3, 4, 5, and 6 each carried a firearm specification and Counts 3 and 4 carried a specification for forfeiture of money in a drug case (Indictment, State Court Record ECF No. 4, Exhibit 1). Montelongo-Rangel pleaded not guilty to all counts. *Id.* at Ex. 2.

On June 18, 2019, Montelongo-Rangel, through counsel, entered a plea of guilty to Count 1, engaging in a pattern of corrupt activity without the specification and Count 3, trafficking in cocaine with the forfeiture specification. *Id.* at Exhibit 3. The trial court found Montelongo-Rangel guilty of the charges to which the plea was entered and ordered the remaining counts and their respective specifications to be dismissed. Montelongo-Rangel was then sentenced to a mandatory eleven years as to Counts 1 and 3 concurrent with each other and consecutive to the sentence imposed in Case No. 19CR23121. *Id.* at Ex. 4.

Montelongo-Rangel did not timely appeal, but filed a motion for delayed appeal February 21, 2020. *Id.* at Ex. 6. The Ohio Tenth District Court of Appeals denied the motion, along with parallel motions filed by co-defendants Anthony Jones and James Jones, concluding none of them had given an adequate excuse for his delay. *Id.* at Ex. 8. The Supreme Court of Ohio declined

appellate jurisdiction. *Id.* at Ex. 12.

On October 2 and 30, 2019, Montelongo-Rangel filed motions to vacate the judgment. *Id.* at Ex. 13, 16. The Franklin County Court of Common Pleas denied the motions. *Id.* at Ex. 18. The Tenth District affirmed. *State v. Montelongo-Rangel,* 2010-Ohio-5527 (10th Dist. Dec. 3, 2020), appellate jurisdiction declined, 161 Ohio St. 3d 1475 (2021).

Montelongo-Rangel filed his Petition in this Court on October 16, 2020, pleading the following Grounds for Relief:

> **Ground One:** Ineffective assistance of counsel.
>
> **Supporting Facts:** Trial counsel was ineffective for failing to seek suppression of the evidence seized pursuant to two search warrants executed on June 16, 2018, and one warrantless search executed on April 4, 2018. (the first search warrant, executed on June 16, 2018, was issued by a state magistrate whom [sic] lacked the authority to issue it without the participation of federal authorities; the search warrant was based on an affidavit primised [sic] on federal probable cause, but was executed solely by state officers. Further, issuing magistrate abandoned her neutral role, the affidavit lacked a nexus to the locations, and probable cause for various reasons. The evidence obtained from this search formed the basis of the subsequest [sic] search warrant being issued, and of all counts in the indictment.)
>
> **Ground Two:** Lack of subject matter jurisdiction.
>
> **Supporting Facts:** It is undisputed that the issuing state magistrate of the search warrant on which the evidence obtained formed the basis of all counts in the indictment lacked the authority to issue it without the participation of federal authorities; the search warrant was based on an affidavit primised [sic] on federal probable cause, but was executed solely by state officers. The search warrant and evidence was [sic] void *ab initio*.

(Petition, ECF No. 1, PageID 5, 7).

3

# Analysis

**Exhaustion of State Court Remedies**

Respondent asserted in his Return that the Petition was mixed because it included a claim, the Second Ground for Relief, on which Montelongo-Rangel had not exhausted available state court remedies (ECF No. 5, PageID 310-12). Since the Return was filed, the Supreme Court of Ohio declined appellate jurisdiction on this claim (Entry, ECF No. 9, PageID 342). In the Report the Magistrate Judge concluded this obviates Respondent's lack of exhaustion defense (Report, ECF No. 11, PageID 346). Respondent has not objected to this conclusion, so the Court should conclude that Petitioner has exhausted available state court remedies on Ground Two.

**Ground One: Ineffective Assistance of Trial Counsel**

In his First Ground for Relief, Montelongo-Rangel claims he received ineffective assistance of trial counsel when his trial attorney did not seek to suppress the results of three searches which yielded evidence used against him, two on June 16, 2018, pursuant to search warrant and one warrantless search on April 4, 2018.

**Procedural Default Analysis**

Respondent asserts Montelongo-Rangel procedurally defaulted this claim by not taking a timely direct appeal to the Tenth District (Return, ECF No. 5, PageID 317-24).

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). "[A] federal court may not review federal claims that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020), citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017)).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

In this case Ohio has an applicable procedural rule: a direct appeal of right from a criminal conviction must be filed within thirty days of the judgment of conviction. The Tenth District Court

of Appeals enforced that rule against Montelongo-Rangel when it denied him leave to file a delayed appeal. Setting a definite deadline for taking an appeal is an independent and adequate state procedural rule: it is not related to any federal law and it is supportive of the State's interest in obtaining finality for criminal convictions.

To attempt to excuse the default, Montelongo-Rangel argues:

> [T]ere is persuasive precedent that a state court's refusal to allow a petitiore [sic] to file a delayed direct appeal does not constitute an "adequate" ground to bar habeas review because the State appellate rule regarding the grant of delayed appeals is not firmly established or regularly followed, and thus, has cause to overcome his default . .

(Reply, ECF No. 9, PageID 329, citing *Dietz v. Money*, 391 F.3d 894 (7th Cir. 2004)[correct citation *Deitz v. Money*, 391 F.3d 804 (6th Cir. 2004)]). *Deitz* supports the proposition for which Montelongo-Rangel cites it, but it is no longer good law. In *Beard v. Kindler*, 558 U.S. 53, 54 (2009), the Supreme Court held "a discretionary rule can serve as an adequate ground to bar federal habeas review." In *Walker v. Martin*, 562 U.S. 307 (2011), it held unanimously that a California rule that requires state habeas to be filed "as promptly as the circumstances allow" and without "substantial delay," confers discretion but does not mean the rule is not firmly established and regularly followed. Recognizing the impact of these cases, the Sixth Circuit has now held:

> *Beard* and *Walker*, when read together, permit a state procedural rule to serve as an adequate state ground for preventing review of a habeas petition even if the state rule accords courts broad discretion. As a result of the Supreme Court's decision in *Walker, Deitz* is no longer the controlling law on this issue in our Circuit, and a petitioner's failure to follow Ohio Rule of Appellate Procedure 5(A) can serve as the basis for a procedural default of a petitioner's habeas claims.

*Stone v. Moore*, 644 F.3d 342, 348 (6th Cir. 2011).

Montelongo-Rangel also relies on *White v. Warden, Ross Corr. Inst.*, 940 F.3d 270 (6th Cir. 2019), where the Sixth Circuit held M*artinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v.*

7

*Thaler*, 569 U.S. 413 (2013), were applicable to the Ohio system of litigating claims of ineffective assistance of trial counsel. Under Ohio law an ineffective assistance of trial counsel claim must be raised on direct appeal if it can be decided on the appellate record; otherwise it must be raised in a petition for post-conviction relief under Ohio Revised Code § 2953.21. Under the *Martinez/Trevino* exception to procedural default, a defendant who must litigate a claim of ineffective assistance of trial counsel in post-conviction and who either has no attorney in those proceedings or receives ineffective assistance from his attorney in those proceedings is not barred from habeas review of a substantial ineffective assistance of trial counsel claim.

*White* is of no assistance to Montelongo-Rangel. The facts necessary to litigate his ineffective assistance of trial counsel claim relating to possible motions to suppress were in the record which would have been available on appeal, but he filed no such motion and pleaded guilty. Montelongo-Rangel had a right to appointed counsel on a direct appeal. If he had filed a timely notice of appeal counsel would have been appointed to represent him and raise this issue. Because he did not appeal but could have litigated the issues on appeal, the Tenth District held the claims were barred by *res judicata*. *Ohio v. Montelongo-Rangel,* 2020-Ohio-5527, ¶ 13 (10th Dist. Dec. 3, 2020).

Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967), is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001). Petitioner has presented no excusing cause for his failure to file a timely appeal. Accordingly, the Report concluded Petitioner's First Ground for Relief is procedurally

defaulted and should be dismissed with prejudice on that basis (ECF No. 11, PageID 351).

In his Notice of objections, Petitioner contests the Tenth District's finding that this claim of ineffective assistance of trial counsel could have been presented on direct appeal (ECF No. 15, PageID 380). Ohio law provides that when a claim of ineffective assistance of trial counsel cannot be properly adjudicated on the appellate record, it must be raised by a petition for post-conviction relief under Ohio Revised Code § 2953.21. "[P]resentation of competent, relevant, and material evidence *dehors* the record may defeat the application of *res judicata*." *State v. Lawson*, 103 Ohio App. 3d 307 (12th Dist. 1995).

Petitioner filed a petition for post-conviction relief or in the alternative to withdraw his guilty plea on May 1, 2020 (State Court Record, ECF No. 4, Ex. 25)[2]. In it he raised the same claim of ineffective assistance of trial counsel he makes here in his First Ground for Relief, to wit, failure to file a motion to suppress the results of the three searches noted above. *Id.* at PageID 226, *et. seq.* In support he makes the following arguments:

(1) The first search warrant was based on "federal probable cause." *Id.* at PageID 228.

(2) The first search warrant was a "document search warrant," not a drug search warrant. *Id.* at PageID 232-33.

(3) The issuing state judge "wholly abandoned … her judicial role" by issuing a warrant not based on probable cause. *Id.* at PageID 233-35.

(4) The second search warrant was based entirely on the fruits of executing the first, invalid, warrant. *Id.* at PageID 235-36.

(5) The April 4, 2018, warrantless search went beyond the consent to search given by Mr. Hunter. *Id.* at PageID 236-37.

---

[2] In his Objections, Petitioner cites PageID 46-67 as the record reference for his petition for post-conviction relief (ECF No. 14, PageID 373). In fact, PageID 46-67 are pages from his motion for delayed appeal.

These arguments are entirely supported by reference to the record before the trial court which would have been before the appellate court on direct appeal. The petition for post-conviction relief is not supported by evidence *dehors* the record, but rather by copies of the search warrants and supporting affidavits. In other words, Petitioner's arguments as to why he received ineffective assistance of trial counsel from the failure to file a motion to suppress all depend on construction of documents already of record and legal argument. This confirms the correctness of the Tenth District's conclusion that the arguments could have been raised on direct appeal.

*White* does not apply to this case because all of Petitioner's claims about suppressing the seized evidence and thus his claim of ineffective assistance of trial counsel for not filing a motion to suppress could have been raised on direct appeal, where he would have been entitled to appointed, constitutionally effective, counsel. *Evitts v. Lucey*, 469 U.S. 387 (1985); *Penson v. Ohio*, 488 U.S. 75 (1988); *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008); *Douglas v. California*, 372 U.S. 353 (1963).

**Merits of the First Ground for Relief**

Alternatively, Petitioner's First Ground for Relief is without merit.

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the

> defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins*, 560 U.S. 370, 389 (2010), citing *Knowles v. Mirzayance*, 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held: "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome." 466 U.S. at 694. See also *Darden v. Wainwright*, 477 U.S. 168, 184 (1986), citing *Strickland, supra.; Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), citing *Strickland, supra*; *Blackburn v. Foltz,* 828 F.2d 1177, 1180 (6th Cir. 1987), quoting *Strickland*, 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), quoting *Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes,* 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. Id., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." Id., at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The likelihood of a different result must be substantial, not just conceivable. Id., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter,* 562 U.S. 86, 111-112 (2011).

In his Notice of objections to the original Report, Montelongo-Rangel argues that, instead of *Strickland*, his ineffective assistance of trial counsel claim should be measured against *United States v. Cronic*, 466 U.S. 648 (1984)(ECF No. 15, PageID 382-83). A complete denial or absence of counsel at a critical stage of the proceedings is *per se* ineffective, without proof of prejudice. *Mitchell v. Mason*, 257 F.3d 554 (6th Cir., 2001), relying on *Cronic,* and *Roe v. Flores-Ortega*, 528 U.S. 470 (2000).

But a habeas petitioner cannot substitute the *Cronic* standard for *Strickland* merely by asserting an attorney's performance was really, really deficient. In fact, the Supreme Court has overturned the Sixth Circuit's reliance on *Cronic* in cases where that was essentially the petitioner's claim. In *Bell v. Cone,* 535 U.S. 685 (2002), it overturned Sixth Circuit reliance on *Cronic* where counsel made no closing penalty-phase argument in a capital case. It has also held absence of counsel during testimony of a government witness whose testimony is irrelevant under the defendant's theory of the case is not *per se* ineffective assistance of trial counsel under *Cronic*. *Woods v. Donald*, 575 U.S. 312 (2015)(GVR), reversing *Donald v. Rapelje*, 580 Fed. Appx. 277

12

(6th Cir. 2014). In fact, Jones was represented in the trial court by Jeffrey Stavroff. To prevail on the merits of his First Ground for Relief, Montelongo-Rangel would have to meet both prongs of *Strickland*, deficient performance and prejudice.

Petitioner admits that, if the standard is *Strickland* rather than *Cronic*, to prevail on his First Ground for Relief he would have to show that it was deficient performance for his attorney not to make the arguments for suppression he now makes in these proceedings. He emphasizes that the trial court and Tenth District have both held that his argument on the First Ground for Relief should have been made in a motion to suppress. But that does not mean that, in failing to file such a motion, Attorney Stavroff provided ineffective assistance of trial counsel; neither court held the arguments would have been successful if made in a motion to suppress.

Petitioner's claims that the evidence against him should have been suppressed are without merit. He first claims the first June 16, 2018, search warrant results must be suppressed because it was issued and executed by state officials on the basis of federal probable cause. His sole cited authority for this proposition is *United States v. Townsend,* 394 F. Supp 736 (E.D. Mich. 1975). *Townsend* does not support the proposition for which Jones cites it. Rather the *Townsend* court held that when there is joint state and federal participation in the execution of a search warrant issued by a state court judge to obtain evidence for presentation in a federal prosecution, the procedure provided in Fed. R. Crim. P. 41 for federal search warrants must be followed. *Townsend* is completely inapposite and Petitioner cites no other authority.

Petitioner's second claim is that the warrant in question only authorized seizure of documents and not the narcotics. That claim is patently without merit: the face of the warrant authorizes the seizure of "goods, chattels, or articles" that evidence commission of drug crimes.

Petitioner's third claim – that the first June 16th warrant does not show probable cause – is

thoroughly refuted by the detail that appears in the search warrant affidavit.

As to the second June 16, 2018, search warrant, Jones argues it would not have been issued without evidence seized in the illegal search pursuant to the first warrant (Reply, ECF No. 8, PageID 334, relying on *United States v. Mitchell,* 82 F.3d 146, 151 (7th Cir. 1996); *Painter v. Robertson*, 185 F.3d 557, 567 (6th Cir. 1999); and *United States v. Worley,* 193 F.3d 380, 385-86 (6th Cir. 1999). In *Painter* the Sixth Circuit reversed summary judgment granted to a police officer on the basis of qualified immunity because the officer did not have the reasonable suspicion necessary under *Terry v. Ohio*, 392 U.S. 1 (1968), to justify the frisk that produced the firearm that was the basis of the arrest. *Worley* does not concern reliance on illegally seized evidence to support a subsequent search. In any event, the Magistrate Judge has concluded Jones's arguments for suppression of the evidence seized under authority of the first warrant are not persuasive.

In sum, Petitioner has not shown the evidence against him would have been suppressed if Attorney Stavroff had made the arguments on which he now relies.

**Effect of Montelongo-Rangel's Guilty Plea**

On June 18, 2019, Petitioner withdrew his former not guilty plea and entered a guilty plea pursuant to a plea agreement (State Court Record, ECF No. 4, Ex. 3).

A valid, unconditional guilty or no contest plea waives all "constitutional violations occurring prior to a plea of guilty once the defendant enters his plea," including a challenge to the evidence supporting a conviction and any pre-plea constitutional violations, unless expressly preserved in a plea agreement or at a plea hearing. *United States v. Lalonde*, 509 F.3d 750, 757 (6th Cir. 2007). A guilty plea constitutes a break in the chain of events leading up to it. *Tollett v.*

*Henderson*, 411 U.S. 258 (1973). Federal habeas corpus review of claims raised by a petitioner who has entered a guilty plea is limited to "the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Tollett*, 411 U.S. at 266. A guilty plea bars a defendant from raising in federal habeas corpus such claims as the defendant's right to trial and the right to test the state's case against him. *McMann v. Richardson*, 397 U.S. 759 (1970); *McCarthy v. United States*, 394 U.S. 459, 466 (1969).

Montelongo-Rangel's guilty plea has never been held to be invalid. His First Ground for Relief is barred by his plea of guilty.

**Ground Two: Lack of Subject Matter Jurisdiction**

In his Second Ground for Relief, Montelongo-Rangel asserts that the Franklin County Municipal Judge who issued the search warrant that resulted in seizure of the evidence used against him lacked subject matter jurisdiction to issue that warrant because it was premised on federal probable cause but executed only by state officers.

Respondent asserts this claim is not cognizable in habeas corpus because the only possible constitutional right involved in being convicted on illegally seized evidence is a person's right under the Fourth Amendment. Federal habeas corpus relief is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that question in the state courts. *Stone v. Powell,* 428 U.S. 465 (1976). *Stone* requires the district court to determine whether state procedure in the abstract provides full and fair opportunity to litigate, and Ohio procedure does. The district court must also decide if a petitioner's presentation of claim was frustrated because of a failure of the state mechanism.

Habeas relief is allowed if an unanticipated and unforeseeable application of a procedural rule prevents state court consideration of merits. *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982). The *Riley* court, in discussing the concept of a "full and fair opportunity," held:

> The mechanism provided by the State of Ohio for resolution of Fourth Amendment claims is, in the abstract, clearly adequate. Ohio R. Crim. P. 12 provides an adequate opportunity to raise Fourth Amendment claims in the context of a pretrial motion to suppress, as is evident in the petitioner's use of that procedure. Further, a criminal defendant, who has unsuccessfully sought to suppress evidence, may take a direct appeal of that order, as of right, by filing a notice of appeal. See Ohio R. App. P. 3(A) and Ohio R. App. P. 5(A). These rules provide an adequate procedural mechanism for the litigation of Fourth Amendment claims because the state affords a litigant an opportunity to raise his claims in a fact-finding hearing and on direct appeal of an unfavorable decision.

*Id*. at 526. The Tenth District Court of Appeals considered this claim on Montelongo-Rangel's appeal from denial of his motion to vacate his criminal judgment for lack of jurisdiction. That court held that the proper method for Montelongo-Rangel to raise this claim would have been in a motion to suppress in the trial court. *State v. Jones, et al.*, Case No. 20AP-300 (State Court Record, ECF No. 4, Ex. 8). Because Montelongo-Rangel pleaded guilty without litigating this suppression claim, it was barred by *res judicata*. Moreover Montelongo-Rangel had not timely appealed and, although he challenged the jurisdiction of the municipal court judge who issued the search warrant, he did not challenge the subject matter jurisdiction of the Franklin County Court of Common Pleas, the court that accepted his guilty plea. *Id.*

In his Reply Montelongo-Rangel offers no rebuttal to these arguments, but instead agrees with the State that consideration of Ground Two should be delayed until the Supreme Court of Ohio acts (Reply, ECF No. 9, PageID 335-38). Now that that Court has declined review, there is of course no need for a stay.

Montelongo-Rangel's Ground Two is also subject to procedural default analysis. Ohio

requires that constitutional issues which can be raised on direct appeal be raised in that forum. *State v. Perry*, 10 Ohio St. 2d 175 (1967). In this case Montelongo-Rangel took no direct appeal and his request to file a delayed appeal was denied. When he attempted to raise this issue by motion to vacate the judgment, the Tenth District invoked the *res judicata* rule against him. *State v. Montelongo-Rangel, supra,* at ¶¶ 13-14, citing *Perry* and *State v. Cole*, 2 Ohio St.3d 112, 113 (1982). The Sixth Circuit has repeatedly held that Ohio's doctrine of *res judicata* in criminal cases, enunciated in *Perry*, is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001). Because Montelongo-Rangel's Second Ground was held barred by *res judicata* by the Tenth District, it should be dismissed as procedurally defaulted.

Alternatively, the Court should decline to reach the merits of this claim because Montelongo-Rangel forfeited it when he pleaded guilty. A valid, unconditional guilty or no contest plea waives all "constitutional violations occurring prior to a plea of guilty once the defendant enters his plea," including a challenge to the evidence supporting a conviction and any pre-plea constitutional violations, unless expressly preserved in a plea agreement or at a plea hearing. *United States v. Lalonde*, 509 F.3d 750, 757 (6th Cir. 2007). A guilty plea constitutes a break in the chain of events leading up to it. *Tollett v. Henderson*, 411 U.S. 258 (1973). Federal habeas corpus review of claims raised by a petitioner who has entered a guilty plea is limited to "the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Tollett*, 411 U.S. at 266. A guilty plea bars a defendant from raising in federal habeas corpus such claims as the defendant's right to trial and the right to test the state's

case against him. *McMann v. Richardson*, 397 U.S. 759 (1970); *McCarthy v. United States*, 394 U.S. 459, 466 (1969).

Montelongo-Rangel has not challenged the validity of his guilty plea in this proceeding. He is accordingly barred from having this habeas court reach the merits of Ground Two which should be dismissed with prejudice.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

June 7, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #