IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSUE MONTELONGO-RANGEL, | : |
| | : Case No. 2:20-cv-5463 |
| Plaintiff, | : |
| | : CHIEF JUDGE ALGENON L. MARBLEY |
| v. | : |
| | : MAGISTRATE JUDGE MICHAEL R. MERZ |
| WARDEN, Noble Correctional Institution, | : |
| | : |
| Defendant. | : |

**OPINION & ORDER**

**I.    INTRODUCTION**

This habeas corpus case, brought pro se by Petitioner Josue Montelongo-Rangel pursuant to 28 U.S.C. § 2254, is before the Court on Petitioner's Objections (ECF No. 19) to the Magistrate Judge's Substituted Report and Recommendations. (ECF No. 16).

**II.    LAW & ANALYSIS**

A litigant who objects to a Magistrate Judge's report and recommendations on a dispositive matter, such as the merits of a habeas corpus petition, is entitled to *de novo* review by a District Judge of those portions of the report to which the litigant has made substantial objection. Fed. R. Civ. P. 72(b)(3). Petitioner objects that the Substituted Report and Recommendation ("Sub. R&R") does not embody such a review (ECF No. 19, PageID 405). That is correct, but it was not intended to. Rather the Sub. R&R was authored by the Magistrate Judge and reflects his analysis of the case. The District Court itself has now conducted that *de novo* review and this Opinion and Order embodies the results of that review.

1

### A. Ineffective Assistance of Trial Counsel

In his First Ground for Relief, Petitioner asserts he received ineffective assistance of trial counsel when his trial lawyer failed to seek suppression of evidence which would have been used against him at trial. As pleaded in the Petition, the Supporting Facts for this claim read:

> **Supporting Facts:** Trial counsel was ineffective for failing to seek suppression of the evidence seized pursuant to two search warrants executed on June 16, 2018, and one warrantless search executed on April 4, 2018. (the first search warrant, executed on June 16, 2018, was issued by a state magistrate whom [sic] lacked the authority to issue it without the participation of federal authorities; the search warrant was based on an affidavit [premised] on federal probable cause, but was executed solely by state officers. Further, issuing magistrate abandoned her neutral role, the affidavit lacked a nexus to the locations, and probable cause for various reasons. The evidence obtained from this search formed the basis of the [subsequent] search warrant being issued, and of all counts in the indictment.)

(ECF No. 1).

The Magistrate Judge concluded that this claim was barred by Petitioner's procedural defaults in presenting it to the Ohio courts (ECF No. 19 at 387–94). Specifically, Ohio's Tenth District Court of Appeals held this claim could have been presented on direct appeal, but petitioner never filed a timely notice of appeal in the case. The Tenth District enforced the thirty-day time limit when it denied Petitioner leave to file a delayed appeal.[1] The Tenth District enforced Ohio's res judicata rule against Petitioner when it affirmed, on that basis, denial of his effort to have the trial court adjudicate this claim. *State v. Montelongo-Rangel*, 2020-Ohio-5527 (10th Dist. Dec. 3, 2020). The Magistrate Judge concluded these were adequate and independent state grounds for decision of this claim and thus the claim was procedurally defaulted. (ECF No. 19 at 387–94).

Petitioner objects "This determination is unreasonable because the actual character of the material in which Montelongo-Rangel relies never changed form . . . Montelongo-Rangel could

---

[1] Memorandum Decision, *State v. Jones, Montelongo-Rangel, and Jones*, Case Nos. 20AP-113, 114, & 115 (10th Dist. Jun. 30, 2020) (copy at State Court Record, ECF No. 4, Ex. 8).

2

not have raised [on direct appeal] his arguments related to deficiencies in the search warrant. (ECF No. 19 at 409–10).

But, as the Magistrate Judge noted, all of the documents on which Petitioner relies for the suppression of evidence, and thus all the evidentiary support for his claim that counsel was ineffective for not filing a motion to suppress, is found in the trial court record which would have been before the Tenth District in a timely appeal (ECF No. 16 at 392–93). Thus, the Tenth District's ruling that the claims were barred by res judicata is a correct application of Ohio law on that point.

The Sixth Circuit has upheld Ohio's res judicata doctrine, as applied to ineffective assistance of trial counsel claims, is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521–22 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160–61 (6th Cir. 1994) (citation omitted).

Petitioner also objects that the Magistrate Judge did not "rely on the interpretation of *Cameron v. Birkett*, 348 F. Supp. 2d 825 (E.D. Mich. 2004)," which Petitioner cites for the proposition that "[where] the cause and prejudice inquiry for the procedural default issue merges with an analysis of the merits of petitioner's defaulted claims, the Court must consider the merits of these claims." (*Id.* at 836). The page cited is part of the report and recommendations of the magistrate judge, which the District Judge Court adopted. The Court held that the merits of petitioner's ineffective assistance of trial counsel claims had to be considered in that case because, in some instances, ineffective assistance of trial counsel can serve as excusing cause for a procedural default. *Id.* (citing *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) and *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). The District Court did not opine that the merits of ineffective

3

assistance of trial counsel claims must always be considered when procedural default is in issue, but only when the ineffective assistance of trial counsel is relied on as the excusing cause for the default.

This Court concurs with the reasoning in *Cameron*, but it is not applicable to this case. Petitioner's procedural default consists in not filing a timely notice of appeal to raise the ineffective assistance of trial counsel claims he now raises.  Petitioner has never claimed his reason for not filing a timely appeal was that his lawyer was supposed to and did not. Instead, in his motion for delayed appeal, he claimed he was unaware of his appeal rights. The Tenth District rebutted that assertion by pointing to the language explaining those rights in the guilty plea form Petitioner signed. *State v. Jones, supra,* ¶ 3.

As an alternative basis for dismissing the First Ground for Relief, the Magistrate Judge provided an analysis of the merits of the claim and found them wanting. (ECF No. 16 at 394–97).

Petitioner objects to the Magistrate Judge's conclusion on the merits, asserting he did not decide whether the initial search warrant in the case was a federal or state search warrant and insisting this must have been a federal search because it was premised on federal probable cause (ECF No. 16 at 410-15).  On the contrary, the Magistrate Judge analyzed the principal authority on which Petitioner relies, *United States v. Townsend*, 394 F. Supp 736 (E.D. Mich. 1975), and held it did not apply here because it involved federal seizure of evidence for presentation in a federal criminal prosecution. That is not the situation here. In this case a state court judge who was authorized to issue search warrants did so to state law enforcement agents for seizure of evidence to be presented in a state criminal prosecution.  The fact that the statement of probable cause might also have satisfied the requirements for a federal warrant is irrelevant.

### B. Lack of Subject Matter Jurisdiction

In his Second Ground for Relief, Petitioner asserts the Franklin County Municipal Judge who issued the search warrant that resulted in seizure of the evidence used against him lacked subject matter jurisdiction to issue that warrant because it was premised on federal probable cause but executed only by state officers. (ECF No. 1 at 7).

The Magistrate Judge recommended this claim be dismissed as procedurally faulted on the same basis as Ground One and waived by petitioner's guilty plea. (ECF No. 16 at 398-401). Petitioner makes no objection as to Ground Two and the Magistrate Judge's recommendation is therefore **ADOPTED**. The Court also notes that Ohio municipal judges are authorized to issue search warrants and Petitioner does not challenge the subject matter jurisdiction of the Court that entered the judgment of which he complains, the Common Pleas Court of Franklin County, Ohio.

### III. CONCLUSION

Having conducted a de novo review of those portions of the Magistrate Judge's Substituted Report and Recommendations to which Petitioner has objected, the Court **OVERRULES** the Objections and **ADOPTS** the Report. The Petition is ordered dismissed with prejudice and the Clerk is directed to enter judgment accordingly. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed in forma pauperis.

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE

**DATED:  August 17, 2021**