# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JOSUE MONTELONGO-RANGEL,

        Petitioner,    :    Case No. 2:20-cv-5463

  - vs -    Chief Judge Algenon L. Marbley
    Magistrate Judge Michael R. Merz

WARDEN, Noble
  Correctional Institution,

         :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Motion to Alter or Amend the Judgment pursuant to Fed.R.Civ.P. 59(e)(ECF No. 22).  As a post-judgment motion, it requires a report and recommended decision from an assigned Magistrate Judge.  28 U.S.C. § 636(b)(3).

For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.,* 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.,* 469 F.3d 479, 496 (6th Cir. 2006)).

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe*, 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling constitutional law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d

1

> at 236; *Hayes*, 8 F.3d at 90-91 n.3. *See also North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).
>
> To constitute "newly discovered evidence," the evidence must have been previously unavailable. *See ACandS*, 5 F.3d at 1263; *Javetz v. Board of Control, Grand Valley State Univ*. 903 F. Supp. 1181, 1191 (W.D. Mich. 1995)(and cases cited therein); Charles A. Wright, 11 *Federal Practice and Procedure* § 2810.1 at 127-28 (1995).

*Gencorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999), accord, *Nolfi v. Ohio Ky. Oil Corp.,* 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.,* 616 F.3d 612, 615 (6th Cir. 2010).

A motion under Fed. R. Civ. P. 59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted). Thus, parties should not use them to raise arguments which could and should have been made before judgment issued. *Id*. Motions under Rule 59(e) must establish either a manifest error of law or must present newly discovered evidence. *Id*. In ruling on an Fed.R.Civ.P. 59(e) motion, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued. See 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure §2810.1, pp. 163-164 (3d ed. 2012) (Wright & Miller); accord, *Exxon Shipping Co. v. Baker,* 554 U. S. 471, 485-486, n. 5, 128 S. Ct. 2605, 171 L. Ed. 2d 570 (2008) (quoting prior edition)." *Bannister v. Davis*, 140 S. Ct. 1698, 1703, 207 L.Ed. 2d 58 (2020). Petitioner recognizes this binding standard for deciding Rule 59(e) motions (ECF No. 22, PageID 423).

Petitioner argues there is a "clear factual error" in the District Judge's Opinion and Order dismissing the case (Motion, ECF No. 22, PageID 424, quoting Opinion and Order (hereinafter "Opinion"), ECF No. 20, PageID 418 as follows:

> The Magistrate Judge concluded that this claim was barred by Petitioner's procedural defaults in presenting it to the Ohio courts (ECF No. 19 at 387-94). Specifically, Ohio's Tenth District Court of

> Appeals held this claim **could have been presented on direct appeal**, but petitioner never filed a timely notice of appeal in the case. The Tenth District enforced the thirty-day time limit when it denied Petitioner leave to file a delayed appeal. The Tenth District enforced Ohio's *res judicata* rule against Petitioner when it affirmed, on that basis, denial of his effort to have the trial court adjudicate this claim. *State v. Montelongo-Rangel*, 2020-0hio-5527 (10th Dist. Dec. 3. 2020). The Magistrate Judge concluded these were adequate and independent state grounds for decision of this claim and thus the claim was procedurally defaulted. (ECF No. 19 at 387-94)(emphasis supplied by Petitioner).
>
> This was a clear factual error, Petitioner asserts, because
>
>> the Tenth District Court of Appeals never held this claim could have been presented on direct appeal. Instead, it held that "[a]s the trail [sic] court noted, the proper remedy for Montelongo-Rangel's arguments related to [underlying] deficiencies in the search warrant[sj would have been a timely filed motion to suppress [by trial counsel] . . . arguments Montelongo-Rangel could have raised in a direct appeal **or** a prior motion." (emphasis supplied by Petitioner).

(Motion, ECF No. 22, PageID 424).

The relevant opinion of the Tenth District Court of Appeals is its affirmance of the Common Pleas Court's denial of Petitioner's motion to withdraw his guilty plea. *State v. Montelongo-Rangel*, 2020 WL 7-74451 (10th Dist. Dec. 3, 2020). In that decision the Tenth District held that Petitioner's claims of ineffective assistance of trial counsel for failure to file a motion to suppress, made for the first time in Petitioner's motion to withdraw his guilty, were barred by Ohio's criminal *res judicata* doctrine. The operative paragraph of the opinion reads:

> {¶ 14} As the trial court noted, the proper remedy for Montelongo-Rangel's arguments related to deficiencies in the search warrant would have been a timely filed motion to suppress. However, Montelongo-Rangel did not file a motion to suppress and instead entered a plea of guilty. This court has held that "[a] criminal defendant who enters a voluntary plea of guilty while represented by competent counsel waives all nonjurisdictional defects in the proceedings." *State v. Fortner*, 10th Dist. No. 08AP-191, 2008-Ohio-5067, ¶ 8 (noting that by pleading guilty, a defendant waives

> his right to challenge any defects in an indictment); *see also State v. Sullivan*, 10th Dist. No. 12AP-526, 2013-Ohio-675, ¶ 20. Though Montelongo-Rangel attempts to phrase his arguments related to the defects in the search warrant as creating a jurisdictional problem, we note, as the trial court did, that Montelongo-Rangel does not challenge the subject-matter jurisdiction of the trial court to accept his guilty plea. Additionally, Montelongo-Rangel did not timely appeal from his judgment of conviction and sentence, and this court denied his request to file a delayed appeal.
>
> The arguments Montelongo-Rangel makes in his October 2, 2019 motion to vacate are arguments Montelongo-Rangel could have made in a direct appeal or by a prior motion. Consequently, res judicata operates to bar Montelongo-Rangel from making these arguments in a post-sentence motion to withdraw his plea. *Morris* at ¶ 13. Thus, because res judicata bars Montelongo-Rangel's motion, the trial court did not err in denying Montelongo-Rangel's motion. *Id.* Accordingly, we overrule Montelongo-Rangel's sole assignment of error.

*State v. Montelongo-Rangel*, 2020-Ohio-5527 (10th Dist. Dec. 3, 2020).  This quotation plainly rebuts Petitioner's claim that the Opinion mischaracterizes the Tenth District's decision.

The Opinion adopted the Magistrate Judge's finding that all of the documents on which Petitioner eventually relied for his ineffective assistance of trial counsel claim could have been in the record on direct appeal because they were in the trial court record.  If Petitioner had timely appealed, his appointed appellate attorney could have included those documents in support of an assignment of error that he had received ineffective assistance of trial counsel when his trial attorney failed to file a motion to suppress.

Petitioner claims this finding is contrary to that made by The Honorable Michael H. Watson of this Court in the habeas corpus case of Petitioner's co-defendant James J. Jones, Case No. 2:20-cv-5504 (Motion, ECF No. 22, PageID 425).  In that case Judge Watson wrote:

> Petitioner objects that he could not have raised on direct appeal the underlying deficiencies in the searches. ECF No. 24, PAGEID # 473. That is correct, but the Tenth District and the Magistrate Judge did not hold to the contrary.  Rather, they held Petitioner could have

4

> raised on direct appeal his claim that his trial attorney provided ineffective assistance when he did not move to suppress this evidence. Petitioner offers no response to that point, on which the Court concludes the [Substituted Report and Recommendations] is correct.

(*Jones v. Warden*, Case No. 2:20-cv-5504, ECF No. 25, *Id.* 483).  Thus Judge Watson's decision is completely consistent with this Court's:  While neither James Jones nor Petitioner could have raised on direct appeal the Fourth Amendment issues they have with the search warrants, the so-called "underlying deficiencies," they could have raised the Sixth Amendment claim of ineffective assistance of trial counsel for failure to file a motion to suppress and supported it with the necessary documentation.

Petitioner argues there is no evidence that he knew of the "underlying deficiencies" in the search warrants (Motion, ECF No. 22, PageID 426).  Had he timely appealed, which he did not, his new appellate attorney would have been able to review those documents and argue that failure to file a motion to suppress violated Petitioner's Sixth Amendment rights, assuming that an effective appellate attorney would have accepted any of the arguments Petitioner now makes about why the searches were unconstitutional.

Petitioner concludes that no court, state or federal, has ever considered the merits of his Fourth Amendment objections to the search warrants.  That is correct.  The reason is that those claims were procedurally defaulted when no motion to suppress was filed and Petitioner has never proven excusing cause and prejudice for that failure.  Although ineffective assistance of trial counsel can excuse a procedural default, the ineffective assistance of trial counsel claim must first be properly submitted to the state courts.  *Edwards v. Carpenter*, 529 U.S. 446 (2000).  Petitioner failed to do that because he did not file timely notice of appeal.

**Conclusion**

Nothing in Petitioner's Rule 59(e) Motion persuades the Magistrate Judge that the Court committed a clear error of law in dismissing the petition. The Magistrate Judge therefore respectfully recommends that the Motion to Amend be denied.

September 15, 2021.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #