UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOSUE MONTELONGO-RANGEL,**

        **Petitioner,**

    v.

**JAY FORSHEY, Warden, Noble Correctional Institution,**

        **Respondent.**

Case No. 2:20-cv-5463
Chief Judge ALGENON L. MARBLEY
Magistrate Judge Michael R. Merz

## ORDER ON REPORT AND RECOMMENDATIONS

This 28 U.S.C. § 2254 case is before the Court on Petitioner Josue Montelongo-Rangel's Motion to Alter or Amend Judgment pursuant to Fed.R.Civ.P. 59(e) (ECF No. 22.)  On September 16, 2021, the Magistrate Judge issued a Report and Recommendations recommending that the Motion be denied (ECF No. 23.)  On October 8, 2021, Petitioner filed Objections (ECF No. 28, PageID 443.)  For the reasons below, the Court **ADOPTS** the Report and Recommendation, **OVERRULES** Petitioner's Objections thereto, and **DENIES** the Motion.

### I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Substituted Report and Recommendations on the Petition's merits (ECF No. 16, PageID 385-86) sets forth the factual background and procedural history to that point; the Court incorporates that discussion by reference.  On August 17, 2021, the Court adopted the Substituted Report, dismissed with prejudice the Petition, entered judgment, and closed the case (Opinion and Order, ECF No. 20; Judgment, ECF No. 21.)  On September 11, 2021, Petitioner filed the Motion to Alter or Amend.  Therein, he argued that "the [Chief] District Judge's determination of the facts

was unreasonable as his/her findings conflict with clear and convincing evidence to the contrary." (Motion, ECF No. 22, PageID 424.)  Specifically, contrary to the Magistrate Judge's conclusion adopted by the Chief Judge, the Tenth District never held that the ineffective assistance claim must have been presented on direct appeal—that state court held it could have also been raised on prior motion.  (*Id*. (citation omitted).)  Further evidence of this Court's error was shown by a recent opinion by District Judge Michael H. Watson in a companion case, in which Judge Watson held that "'Petitioner. . . could not have raised on direct appeal the underlying deficiencies in the searches', and thus the evidentiary support for his claim as to why counsel was ineffective was not in the appellate record." (*Id*. at PageID 425, quoting *Jones v. Warden*, No. 2:20-cv-5504, Opinion and Order, ECF No. 25, PageID 483.)

Also, Petitioner argued that because he brought his *pro se* ineffective assistance of trial counsel claim properly in his state postconviction petition, any procedural default can be excused (Motion, ECF No. 22, PageID 425-26, quoting *Montelongo-Rangel v. Warden,* 2021 U.S. Dist. LEXIS 106969, at *9-10 (S.D. Ohio Jun. 7, 2021) (Merz, Mag. J.); citing *Trevino v. Thaler*. 569 U.S. 413 (2013); *Martinez v. Ryan*, 566 U.S. 1 (2012); *White v. Warden, Ross Corr. Inst.*, 940 F.3d 270 (6th Cir. 2019).)  Finally, Petitioner claimed that

> There is nothing in the record for this court to even draw an inference that at the time he pleaded guilty, Montelongo-Rangel knew of the underlying deficiencies in the searches under which the evidence against him had been obtained, much less his trial counsel. Montelongo-Rangel's trial counsel did not file a motion to suppress. This constitutes an argument that the guilty plea was not knowing intelligent, and voluntary.

(*Id*. at PageID 426.)

The Magistrate Judge rejected these arguments.  First, he noted, as did the Tenth District Court of Appeals, that *res judicata* operated as a bar to an issue that could have been raised on direct appeal or in a prior motion, and thus, this Court finding that *res judicata* foreclosed his

2

ineffective assistance of counsel claim was proper (Report, ECF No. 23, PageID 431-33, quoting Opinion, ECF No. 20, PageID 418; Motion, ECF No. 22, PageID 424; *State v. Montelongo-Rangel*, 10th Dist. Franklin No. 20AP-302, 2020-Ohio-5527, ¶ 14 (Dec. 3, 2020).)  Further:

> The Opinion adopted the Magistrate Judge's finding that all of the documents on which Petitioner eventually relied for his ineffective assistance of trial counsel claim could have been in the record on direct appeal because they were in the trial court record. If Petitioner had timely appealed, his appointed appellate attorney could have included those documents in support of an assignment of error that he had received ineffective assistance of trial counsel when his trial attorney failed to file a motion to suppress.

(*Id*. at PageID 433.)  By failing to timely appeal, Petitioner lost the opportunity to have court-appointed counsel review the documents to raise a Sixth Amendment ineffective assistance of counsel claim based on failing to move to suppress and the supposed underlying deficiencies of the warrants.  (*Id*. at PageID 434.)  Finally, the reason Petitioner's Fourth Amendment claims were not examined is because failure to file a motion to suppress procedurally defaulted any such claim.  (*Id*.)

## II.     LEGAL STANDARD

"A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . The magistrate judge must enter a recommended disposition[.]"  Fed.R.Civ.P. 72(b)(1).  "[A] party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2).  "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed.R.Civ.P. 72(b)(3).

For a district court to grant relief under Fed.R.Civ.P. 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009); *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006).  A Rule 59(e) motion is not an opportunity to relitigate a case.  "Thus, parties should not use them to raise arguments which could and should have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citation omitted).

### III. ANALYSIS

Petitioner argues that the Magistrate Judge clearly erred in concluding that all the documents on which Petitioner relied for his ineffective assistance of trial counsel claim were in the trial record and thus were available to him on direct appeal (Objections, ECF No. 28, PageID 441, quoting Report, ECF No. 23, PageID 433.)  He claims that there is no evidence of record to support this assertion, and that 28 U.S.C. § 2254 does not allow for this assertion to be treated as fact.  (*Id*.)  This is merely a rehashing of his argument that was rejected by this Court (Order, ECF No. 20, PageID 418-19), and Petitioner has not shown that that decision was clearly erroneous.  Accordingly, Petitioner's Objection is overruled.

Also, Petitioner claims that he has consistently argued that he could not support his ineffective assistance of trial counsel claim with the necessary documentation from the trial record alone (Objections, ECF No. 28, PageID 442).  Petitioner does not explain why this was not possible, and indeed, Petitioner's own listing of the supposed deficiencies in the search warrants (which allegedly prompted the duty to file the motion to suppress) (Motion, ECF No. 22, PageID 427) show that they were or reasonably should have been apparent from the trial

4

record. As the ineffective assistance claim could have been raised on direct appeal, Petitioner cannot avail himself of the *Martinez-Trevino* exception for failure to raise the ineffective assistance of counsel claim in postconviction. Petitioner's Objection is overruled.

## IV. DISPOSITION

For the foregoing reasons, the Report is **ADOPTED**, Petitioner's Objections are **OVERRULED**, and the Motion is **DENIED**. Because reasonable jurists would not disagree with this conclusion, the Court certifies that any appeal would not be taken in good faith, and Petitioner should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED**

**Date: November 17, 2021**

_____
ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE